HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
DAVID BRIAN TAYLOR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID BRIAN TAYLOR,<br><br>　　　　　Defendant. | No. CR. S-04-399 TLN<br><br>**STIPULATED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) and ORDER**<br><br>RETROACTIVE CRACK COCAINE REDUCTION CASE<br><br>Judge:  Hon. TROY L. NUNLEY |

Defendant, DAVID BRIAN TAYLOR, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney RICHARD J. BENDER, hereby stipulate as follows:

1.　Pursuant to 18 U.S.C. § 3582(c)(2), this court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o);

2.　On October 14, 2005, this Court sentenced Mr. Taylor to an aggregate term of imprisonment of 216 months, comprised of 120 months on Count 1 (violation of 18 U.S.C. § 922(g)), 156 months on Count 2 (violation of 21 U.S.C. § 841(a)(1)), to be served concurrently, and 60 months on Count 4 (violation of 18 U.S.C. § 924(c)), to be served consecutively to the terms imposed on Counts 1 and 2;

3. The base offense level applicable to Mr. Taylor was subsequently lowered by the United States Sentencing Commission by operation of Amendment 748, from 26 to 20. Mr. Taylor is subject, however, to a mandatory minimum aggregate term of 180 months;

4. The parties agree and stipulate that a sentence of 198 months is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). This sentence represents a litigation compromise between Mr. Taylor's position that he is eligible for, and should be granted, a full reduction to 180 months (the bottom of the guideline range in light of the mandatory minimums), and the government's position that, even if the Court were authorized to reduce the sentence to 180 months, it should not be so reduced under the facts of this case.

5. Accordingly, the parties agree and stipulate that the Court enter the order lodged herewith reducing Mr. Taylor's term of imprisonment to an aggregate term of imprisonment of 198 months, comprised of 120 months on Count 1 (violation of 18 U.S.C. § 922(g)), 138 months on Count 2 (violation of 21 U.S.C. § 841(a)(1)), to be served concurrently, and 60 months on Count 4 (violation of 18 U.S.C. § 924(c)), to be served consecutively to the terms imposed on Counts 1 and 2.

Respectfully submitted,

Dated: December 11, 2013                         Dated: December 9, 2013

BENJAMIN B. WAGNER                              HEATHER E. WILLIAMS
United States Attorney                          Federal Defender


 /s/  Maintaining Original Signature
on file w/ecf                                   /s/ *David M. Porter*
RICHARD J. BENDER                               DAVID M. PORTER
Assistant U.S. Attorney                         Assistant Federal Defender

Attorney for Plaintiff                          Attorney for Defendant
UNITED STATES OF AMERICA                        DAVID BRIAN TAYLOR

**ORDER**

This matter came before the Court on the stipulated motion of the defendant for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  On October 14, 2005, this Court sentenced Mr. Taylor to an aggregate term of imprisonment of 216 months, comprised of 120 months on Count 1 (violation of 18 U.S.C. § 922(g)), 156 months on Count 2 (violation of 21 U.S.C. § 841(a)(1)), to be served concurrently, and 60 months on Count 4 (violation of 18 U.S.C. § 924(c)), to be served consecutively to the terms imposed on Counts 1 and 2.

The parties agree, and the Court finds, that Mr. Taylor is entitled to the benefit of the retroactive amendment reducing crack cocaine penalties, which reduces the applicable base offense level from 26 to 20.  Mr. Taylor is subject, however, to a mandatory minimum aggregate term of 180 months.

The Court finds that a sentence of 198 months is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).  Accordingly, IT IS HEREBY ORDERED that the term of imprisonment originally imposed is reduced to an aggregate term of imprisonment of 198 months, comprised of 120 months on Count 1 (violation of 18 U.S.C. § 922(g)), 138 months on Count 2 (violation of 21 U.S.C. § 841(a)(1)), to be served concurrently, and 60 months on Count 4 (violation of 18 U.S.C. § 924(c)), to be served consecutively to the terms imposed on Counts 1 and 2.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.

The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Taylor shall report to the United States Probation office

/ / /

/ / /

/ / /

/ / /

closest to the release destination within seventy-two hours after his release.

Dated: December 18, 2013

                                      Troy L. Nunley
                                      United States District Judge